UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dell L.Carter, | ) | C/A No. 3:06-03482-TLW-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT |
| | ) | AND |
| Lieutenant Hicks; | ) | RECOMMENDATION |
| Jon Ozmint; | ) | |
| Officer L. Miller; | ) | |
| Mrs. Sellers; | ) | |
| Warden Eagleton; | ) | |
| Captain Yebeah; | ) | |
| Roy Smith; | ) | |
| Mr. Maddock; | ) | |
| John Priester; | ) | |
| Lt. Brayboy; | ) | |
| Officer Clyde Morris, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Evans Correctional Institution of the South Carolina Department of Corrections. Plaintiff filed this civil rights complaint alleging that he is being denied due process in twenty-nine (29) of his thirty-five (35) disciplinary "write-ups." These "write-ups" have occurred in multiple facilities within the South Carolina Department of Corrections, and plaintiff claims they are a form of harassment designed to induce him to settle a civil suit, to prevent him from discovering that his legal mail has been tampered with, and to deny him good time credit toward an early release. Plaintiff states that he is entitled to damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in the above-captioned case. This review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A and in light of the following precedents:

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F. 3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This complaint should be dismissed because plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or

> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is a frequent filer in the federal court system, and he previously has filed more than forty (40) civil actions in this Court. This Court may take judicial notice of the eleven (11) civil actions filed by the plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, malicious, or failing to state a claim. *See Dell L. Carter v. Walter William Thompson, Associate Solicitor for Sixteen Judicial Circuit, et al.*, No. 3:04-0772-25BC (D.S.C. Apr. 13, 2004); *Dell L. Carter v. State of South Carolina, et al.*, No. 3:03-0011-25BC (D.S.C. Feb. 13, 2003); *Dell L. Carter v. State of South Carolina, et al.*, No. 3:02-2014-25BC (D.S.C. Apr. 15, 2004); *Dell L. Carter v. Moss Justice Center, et al.*, No. 3:02-1682-19BC (D.S.C. July 1, 2002); *Dell L. Carter v. Rema K. Gantt*, No. 3:00-1823-19BC (D.S.C. July 10, 2000); *Dell L. Carter v. Edward H. Harvey*, No. 3:00-525-19BC (D.S.C. Mar. 9, 2000); *Dell L. Carter v. Willy Thompson*, No. 3:00-423-19BC (D.S.C. Feb. 22, 2000); *Dell L. Carter v. Jason Derham Cole, South Carolina Circuit Judge*, No. 3:99-1813-19BC (D.S.C. June 28, 1999) ; *Dell L. Carter v. Judge Costa Pleicones*, No. 3:99-1800-19BC (D.S.C. Aug. 9, 1999); *Dell L. Carter v. Clover Police Department, et al.*, No.

3:99-1484-19BC (D.S.C. June 22, 1999); *Dell L. Carter v. Clover Police Department, et al.*, No. 3:98-3761-19BC (D.S.C. Feb. 19, 1999).

In light of the plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception as the plaintiff does not allege that he is in any danger of serious physical injury.

## **Recommendation**

It is recommended that the complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 5, 2007
Columbia, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).